UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA A. MCCOLM,

      Appellant,

v.

DAVID RONALD MICHAL and
CHRISTINE RENEE MICHAL,

      Appellees.

CIVIL ACTION
NO. 1:10-CV-1741-CAP

O R D E R

This appeal from a judgment of the United States Bankruptcy Court for the Northern District of Georgia is before this court on the April 26, 2010, notice of appeal filed by Patricia McColm. When adjudicating an appeal from a bankruptcy court, federal district courts are empowered to "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013.

On March 14, 2006, McColm filed an adversary proceeding against the appellees, David and Christine Michal, in the United States Bankruptcy Court for the Northern District of Georgia. In her complaint, McColm seeks a judgment denying the discharge of the Michals under 11 U.S.C. § 727 on the ground that the Michals failed to list her as a creditor in their Chapter 7 case. McColm also claims that the Michals committed fraud when they allegedly prevented her from recovering her personal property that she says

was wrongfully obtained by a partnership with which the Michals are involved.

On December 3, 2009, the Bankruptcy Court conducted a trial on McColm's adversary complaint. McColm did not appear and no evidence in support of her claims was presented. On April 14, 2010, the Bankruptcy Court issued a judgment in favor of the Michals. In the instant appeal, McColm requests that this court reverse the judgment, direct that discovery be reopened, reverse rulings related to discovery, and vacate the Bankruptcy Court's October 25, 2006, order prohibiting McColm from contacting the court via telephone.

Having reviewed the April 14, 2010, judgment issued by the Bankruptcy Court, as well as the entire record, the court finds that McColm failed to carry her burden of proof at trial. Therefore, judgment by the Bankruptcy Court in favor of the Michals was proper and will be affirmed by this court. As set forth below, the issues presented by McColm on appeal do not change this result.

First, McColm contends in her appellate brief that it was error for the bankruptcy court to deny her motion to continue the trial. This issue is not properly before this court. McColm appealed the denial of her motion to vacate the trial date and reopen discovery to this court and subsequently abandoned her appeal through her failure to pay the filing fee or submit a

completed affidavit in support of a request to proceed in forma pauperis. See McColm v. Michal, Civil Action No. 1:09-CV-3659-CAP. Accordingly, all claims related to the denial by the Bankruptcy Court of McColm's requests to postpone the trial or to reopen discovery have been abandoned by McColm and will not be considered by this court.

Second, McColm contends that she was given no notice of the December 3, 2009, trial. This contention is completely without merit. Not only did McColm move to vacate the scheduled trial date, she appealed the denial of same. Therefore, to now claim that she did not know the trial was scheduled for December 3, 2009, is completely disingenuous. Apparently, McColm's argument is that the Bankruptcy Court had an obligation to re-notify her of the scheduled trial date because she complains that "[n]o effort was made to telephone or otherwise contact plaintiff regarding the 'secret' hearing" [Doc. No. 17 at 9]. McColm has not cited to and the court is not aware of any authority that would require the Bankruptcy Court to re-notify McColm of the trial date. The fact that the Bankruptcy Court denied the motion to continue (of which McColm was undoubtably aware) is sufficient notice to McColm that the trial would in fact take place on December 3, 2009. McColm states that she "relied on the filing of appeal as an automatic stay of the trial date" [Doc. No. 17 at 9-10]. However, McColm

cites no legal authority to establish a basis for any "automatic stay." Moreover, McColm failed to request a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. Accordingly, her claims related to her lack of knowledge of the December 3, 2009, trial are totally without merit.

Third, McColm contends that the Bankruptcy Court improperly refused to accept her motions to compel. This issue is not properly before this court. McColm appealed the denial of her motions to compel to this court and subsequently abandoned her appeal through her failure to pay the filing fee or submit a completed affidavit in support of a request to proceed in forma pauperis. See McColm v. Michal, Civil Action No. 1:09-CV-3659-CAP. Accordingly, all claims related to the denial by the Bankruptcy Court of McColm's motions to compel have been abandoned by McColm and will not be considered by this court.

Fourth, McColm claims that the bankruptcy judge should be disqualified due to bias. Specifically, McColm is seeking a recusal of Judge Massey upon remand by this court to complete the adjudication of the adversary proceeding. Because this court is affirming the final judgment issued in the adversary proceeding, there will be no further litigation of same in the Bankruptcy Court. Accordingly, the issues raised regarding bias by Judge Massey are moot.

4

Based on the foregoing, the April 14, 2010, judgment of the Bankruptcy Court is AFFIRMED. The clerk is DIRECTED to close this civil action.

SO ORDERED, this 4th day of March, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge